**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| | Case No. 14-CV-03101-VEB |
| KAREN BRALENS, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In November of 2008, Plaintiff Karen Bralens applied for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB") under the Social Security Act. The Commissioner of Social Security denied the applications.

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

Plaintiff, represented by D. James Tree, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

On July 1, 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 29).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for SSI benefits and DIB on November 30, 2008, alleging disability since August 1, 2002. (T at 141-43, 144-50).[1] The applications were denied initially and on reconsideration and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On May 10, 2011, a hearing was held before ALJ Marie Palachuk. (T at 51). Plaintiff appeared with an attorney and testified. (T at 64-71). The ALJ also received testimony from Deborah Nelson-Lapoint, a vocational

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

expert (T at 73-77), Harvey Alpern, a medical expert (T at 55-58), and Dr. Walter Scott Mabee, a medical expert (T at 59-63).

On May 24, 2011, the ALJ issued a written decision denying the applications and finding that Plaintiff was not entitled to benefits. (T at 18-39). The Appeals Council denied Plaintiff's request for review on August 21, 2012. (T at 1-6).

Plaintiff sought review in the United States District Court for the Eastern District of Washington. On August 30, 2013, the Honorable Cynthia Imbrogno, United States Magistrate Judge, approved the parties' Stipulation for a remand pursuant to sentence four of 42 U.S.C. § 405 (g). (T at 650). The Appeals Council remanded the matter for further proceedings, including a second administrative hearing, on October 9, 2013. (T at 656-58).

A second administrative hearing was held on February 27, 2014, before ALJ Kimberly Boyce. (T at 543). Plaintiff appeared with her attorney and testified. (T at 556-600). The ALJ received testimony from Trevor Duncan, a vocational expert. (T at 601-609).

On May 23, 2014, ALJ Boyce issued a written decision denying the applications for benefits. (T at 486-511).

On July 25, 2014, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

the Eastern District of Washington. (Docket No. 4). The Commissioner interposed an Answer on September 30, 2014. (Docket No. 10).

Plaintiff filed a motion for summary judgment on February 23, 2015. (Docket No. 17).  The Commissioner moved for summary judgment on May 27, 2015. (Docket No. 26).  Plaintiff filed a reply brief on June 10, 2015. (Docket No. 28).

For the reasons set forth below, the Commissioner's motion is granted and Plaintiff's motion is denied.

## III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).              The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).                      If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work he or she is deemed not disabled. 20

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985);

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.    Commissioner's Decision**

In her decision following the second administrative hearing, which constitutes the Commissioner's final decision in this matter, ALJ Boyce determined that Plaintiff had not engaged in substantial gainful activity since August 1, 2002 (the alleged onset date) and met the insured status requirements of the Social Security Act through March 31, 2006. (T at 493).    The ALJ found that Plaintiff's affective disorder, personality disorder, anxiety disorder, and alcohol dependence were "severe" impairments under the Act. (Tr. 493).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 495).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in CFR § 416.967 (b), with the following

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

limitations: she can stand and walk for about 6 hours and sit for more than 6 hours with normal breaks; she can lift/carry/push/pull within light exertional limits; she can never climb ladders, ropes or scaffolds; she can occasionally climb ramps and stairs; she can balance, stoop, kneel, crouch, and crawl; she can perform work that does not involve unprotected heights or concentrated exposure to hazards; she can understand/remember/and carry out unskilled, routine, and repetitive work that requires no more than occasional contact with supervisors; she can work in proximity to co-workers, but not in a team or cooperative effort; and she must work in a position that does not require direct service to the general public. (T at 496).

The ALJ concluded that Plaintiff could perform her past relevant work as an agricultural produce sorter. (T at 503).  In the alternative, considering Plaintiff's age (45 on the alleged onset date), education (limited), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers that Plaintiff can perform. (T at 503-504).  As such, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act, between August 1, 2002 (the alleged onset date) and May 23, 2014 (the date of the decision) and was therefore not entitled to benefits. (Tr. 504).

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  She offers two (2) main arguments.  First, she contends that the ALJ did not properly weigh the medical evidence.    Second, Plaintiff challenges the ALJ's credibility determination.  This Court will address each argument in turn.

## IV. ANALYSIS

### A.    Medical Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995,

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

"The ALJ must do more than state conclusions. He must set forth his own

interpretations and explain why they, rather than the doctors', are correct." *Id.*

### 1.      Dr. Sabry

On March 21, 2007, Dr. Fady Sabry, Plaintiff's treating physician, completed a

physical evaluation. He opined that Plaintiff was limited to sedentary work. (T at

272). On September 25, 2008, Dr. Sabry completed another physical evaluation,

wherein he rendered the same opinion. (T at 281).

The ALJ gave Dr. Sabry's opinions little weight, finding that neither the

evaluations nor the treatment notes contain objective findings consistent with the

assessed limitation to sedentary work. In addition, the ALJ found Dr. Sabry's

assessment inconsistent with the overall record. (T at 494).

This Court finds the ALJ's decision supported by substantial evidence. Dr.

Sabry's assessments were conclusory and not accompanied by supporting evidence or

explanatory details. The ALJ is not obliged to accept a treating source opinion that is

"brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v.*

*Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d

947, 957 (9th Cir. 2002)). Moreover, the assessments were internally contradictory.

For example, in the March 2007 evaluation, Dr. Sabry limited Plaintiff to sedentary

work, but reported that her hypertension was mild and would not significantly interfere with her ability to perform basic work-related activities. (T at 272). The physician also did not indicate that any of Plaintiff's other conditions would limit her ability to perform basic work-related activities. (T at 272).  The September 2008 evaluation contains Dr. Sabry's opinion that Plaintiff was limited to sedentary work, but documents physical examination findings all within normal limits. (T at 280).  In treatment notes from September and November 2008, Dr. Sabry described Plaintiff's diabetes as "controlled" and characterized her hypertension as "benign." (T at 292, 294).  The ALJ acted within her discretion in discounting Dr. Sabry's opinions based on this discrepancy. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

In addition, the ALJ reasonably concluded that Dr. Sabry's conclusion was inconsistent with the overall record, including the conservative treatment history.  For example, although she is treated for hypertension, the evidence does not support a finding that this condition limits Plaintiff's ability to work.  Plaintiff's chest pain required only conservative treatment (i.e. blood pressure medication) (T at 928-29) and treatment notes contained little mention of chest pain and reported that Plaintiff's

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

blood pressure was well-controlled. (T at 950, 959, 998).  The record indicated that Plaintiff's hepatitis C responded well to treatment.  (T at 299, 470, 493).  *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)(finding that conservative treatment for back injury was a clear and convincing reason for discounting testimony that the claimant was disabled).

Although Plaintiff asserts that Dr. Sabry's opinion combines the effects of her mental and physical limitations, this is not supported by the record.  In the March 2007 evaluation, Dr. Sabry referenced Plaintiff's depression, but did not indicate that it caused any interference with her ability to perform basic work-related activities. (T at 272).  He did not even mention depression in the September 2008 assessment.(T at 281).  This Court finds no error with regard to the ALJ's decision to discount Dr. Sabry's assessment.

## 2.      Step Two Analysis

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c).  The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations. *See, e.g.*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

To establish severity, the evidence must show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988) (quoting SSR 85-28). The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28

The ALJ did not specifically list any severe physical impairments. (T at 493). Plaintiff challenges this finding, noting extensive evidence of Plaintiff's various physical impairments (arthritis, chronic liver disease, hypertension, coronary artery disease, and diabetes). Indeed, it is difficult to determine why the ALJ did not find any severe physical impairments, especially since she found that Plaintiff was limited to light work. (T at 496). For this reason, however, this Court finds any error by the ALJ in this regard harmless. Indeed, Plaintiff has not established that changing the

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

step two finding would change the ultimate result.  The ALJ clearly considered the evidence of Plaintiff's physical limitations and incorporated limitations into the residual functional capacity determination, which found that Plaintiff was limited to light work. (T at 496).  In other words, even assuming *arguendo* that the ALJ erred in finding that Plaintiff's physical impairments were non-severe, any error in that regard was harmless because the ALJ considered these impairments when determining Plaintiff's RFC. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

### 3.    Dr. Dougherty

In August of 2009, Dr. Roland Doughtery performed a consultative psychological evaluation.  He diagnosed bipolar one mood disorder (depressive phase), PTSD (in partial remission), polysubstance abuse (in remission), marijuana dependence (in remission), alcohol abuse (in remission), and borderline personality disorder. (T at 349).  Dr. Dougherty assigned a Global Assessment of Functioning ("GAF")[2] score of 50 (T at 349), which is indicative of serious impairment in social, occupational or school functioning. *Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012).  He described Plaintiff's

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

prognosis as "[f]air and dependent on her use of mental health resources." (T at 349). Dr. Doughtery opined that Plaintiff's social skills were "good," her thinking was "rational and goal directed," and noted that she had worked successfully in retail in the past. (T at 349).

Plaintiff contends that the ALJ did not properly consider Dr. Doughtery's opinion. However, the ALJ discussed the evaluation in detail and noted that the doctor's opinion was inconsistent with the level of restriction alleged by Plaintiff. (T at 498-99). Moreover, Dr. Doughtery's assessment was, in general, supportive of the ALJ's RFC determination. For example, he found no evidence of psychomotor agitation or retardation. Plaintiff was cooperative, with normal, well-oriented speech. (T at 347). She denied memory problems and had no difficulty following the conversation. (T at 348). She is independent in self-care. (T at 349). The ALJ's assessment of Plaintiff's mental limitations is supported by substantial evidence, including Dr. Doughtery's assessment, as well as the State Agency review consultant opinions and other evidence outlined below. This Court finds no error with regard to the ALJ's consideration of Dr. Dougherty's opinion.

### 4. State Agency Psychologists

In September of 2013, Dr. Michael Brown, a non-examining State Agency review psychologist, opined that Plaintiff was not significantly limited with regard to

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

her ability to remember locations and work-like procedures and could understand, remember, and carry out simple tasks. (T at 668).  Dr. Brown concluded that Plaintiff's ability to carry out very short and simple instructions was not significantly limited, but that she was moderately limited with regard to her ability to maintain attention and concentration for extended periods and perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (T at 668).  In the narrative portion of his report, Dr. Brown opined that Plaintiff could sustain adequate concentration for 2 hour periods and should be able to complete her work a majority of the time within customary tolerances. (T at 668).  He assessed moderate limitation with respect to Plaintiff's ability to interact appropriately with the general public, but found that she could accepted instructions from supervisors, have occasional, superficial contact with co-workers, and tolerate minimal contact with the general public. (T at 668-69).

In October of 2013, Dr. Thomas Clifford, another State Agency review consultant, completed a mental RFC assessment.  Dr. Clifford opined that Plaintiff could understand, remember, and carry out simple tasks. (T at 694).  He assessed moderate limitations with regard to Plaintiff's ability to maintain attention and concentration for extended periods and perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (T at 694).  In the

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

narrative portion of his report, Dr. Clifford opined that Plaintiff could sustain adequate concentration for 2 hour periods and should be able to complete her work a majority of the time within customary tolerances. (T at 695).  Dr. Clifford also assessed moderate limitation with respect to Plaintiff's ability to interact appropriately with the general public, but found that she could accepted instructions from supervisors, have occasionally, superficial contact with co-workers, and tolerate minimal contact with the general public. (T at 695).

The ALJ gave these assessments significant weight and incorporated their narrative conclusions into the RFC determination. (T at 501).  Plaintiff contends that the ALJ failed to give sufficient weight to the "moderate limitations" assessed by the review consultants.  However, the ALJ properly relied upon and incorporated the narrative written by the evaluators, rather than the limitations noted in the "Section I" worksheet.  The Program Operations Manual System (POMS), an internal Social Security Administration document, provides, in pertinent part, that "[i]t is the narrative written by the psychiatrist or psychologist in section III . . . that adjudicators are to use as the assessment of RFC." "The POMS does not have the force of law, but it is persuasive authority." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006)).

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

1     Sean Mee, another State Agency review consultant, completed an assessment

2  in August of 2009, in which he opined that Plaintiff could understand, remember, and

3  carry out routine and well-learned detailed tasks. (T at 352).  He also concluded that

4  Plaintiff would occasionally need a "slowed pace" due to psychiatric symptoms, but

5  retained the ability to carry out "non-speeded work tasks." (T at 352).    The ALJ

6  afforded greater weight to the opinions of Dr. Brown and Dr. Clifford, which were

7  more recent and included more evidence. (T at 502).  This assessment was within the

8  ALJ's discretion.  As outlined in this Decision and Order, the overall medical record,

9  including the opinions of Dr. Doughtery, Dr. Brown, and Dr. Clifford, as well as the

10  treatment history, sufficiently supported the ALJ's assessment of Plaintiff's physical

11  and mental RFC.

12          **5.          Other Source Evidence/Dr. Mabee**

13     In January of 2005, Christopher Clark, a mental health counselor, completed a

14  psychological/psychiatric evaluation.  Mr. Clark assessed mild limitations with regard

15  to Plaintiff's ability to understand, remember, and follow simple instructions and

16  perform routine tasks and moderate limitations with respect to Plaintiff's ability to

17  learn new tasks, exercise judgment, and make decisions. (T at 264).  He also opined

18  that Plaintiff would have moderate limitation with regard to relating appropriately to

19  co-workers, supervisors, and in public contacts.  (T at 264).  Mr. Clark assessed

20

marked limitations as to Plaintiff's ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. (T at 264).

In September of 2008, Russell Anderson, a social worker, completed a psychological/psychiatric evaluation. Mr. Anderson assessed mild limitation as to Plaintiff's ability to understand, remember, and follow simple instructions, with moderate limitations with respect to Plaintiff's ability to learn new tasks, exercise judgment and make decisions, and perform routine tasks. (T at 286). He also opined that Plaintiff would have moderate limitations with respect to her ability to relate appropriately to co-workers and supervisors, interact appropriately in public contacts, and respond appropriately to and tolerate the pressure and expectations of a normal work setting. (T at 286).

Dr. Scott Mabee, a medical expert, who testified at the first administrative hearing, also opined that Plaintiff had moderate limitations in her ability to maintain attention and concentration for extended periods, maintain regular attendance, work at a consistent pace without interference from psychologically-based symptoms, and deal with supervisors and co-workers without exhibiting significant behavioral issues. (T at 62).

In evaluating a claim, the ALJ must consider evidence from the claimant's medical sources. 20 C.F.R. §§ 404.1512, 416.912. Medical sources are divided into

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

two categories: "acceptable" and "not acceptable." 20 C.F.R. § 404.1502. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 404.1502. Medical sources classified as "not acceptable" (also known as "other sources") include nurse practitioners, therapists, licensed clinical social workers, and chiropractors. SSR 06-03p. The opinion of an acceptable medical source is given more weight than an "other source" opinion. 20 C.F.R. §§ 404.1527, 416.927. For example, evidence from "other sources" is not sufficient to establish a medically determinable impairment. SSR 06-03p. However, "other source" opinions must be evaluated on the basis of their qualifications, whether their opinions are consistent with the record evidence, the evidence provided in support of their opinions and whether the other source is "has a specialty or area of expertise related to the individual's impairment." *See* SSR 06-03p, 20 CFR §§404.1513 (d), 416.913 (d). The ALJ must give "germane reasons" before discounting an "other source" opinion. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ discounted Mr. Clark's findings, noting that he reviewed few medical records and did not record any mental status findings. The ALJ found Mr. Anderson's opinion generally consistent with the overall record. (T at 502). This Court finds the ALJ's decision supported by substantial evidence. The ALJ incorporated some, but not all, of the limitations identified by these "other sources" (and Dr. Mabee – who is

a non-examining physician) in the RFC determination.  For example, the ALJ found that Plaintiff could have no more than occasional contact with supervisors, work in proximity to co-workers, but not in a team or cooperative effort, and perform work in which direct service to the general public is not required.  (T at 496).

Plaintiff argues that the ALJ should have weighed the evidence differently and given more weight to the marked and moderate limitations assessed by the other source.  However, if the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's finding was supported by substantial evidence and must therefore be sustained.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

## B.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that her statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 497).

Plaintiff alleges that the ALJ was biased against her and engaged in aggressive and unfair questioning.  This Court finds this argument unavailing.  "ALJs are presumed to be unbiased." *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (quoting *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)). This presumption "can be rebutted by a showing of conflict of interest or some other specific reason for disqualification. . . . But expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

women sometimes display[,] do not establish bias." *Valentine*, 574 F.3d at 690 (quoting Rollins, 261 F.3d at 857-58). To succeed on a bias argument, the claimant must show that "the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'" *Bayliss*, 427 F.3d at 1215.

In this case, there was no showing of any conflict of interest or other specific reason for disqualification. During the administrative hearing, the ALJ asked Plaintiff some tough questions and there appeared to be difficulties with the videoconferencing, which was a source of some frustration. (T at 574, 577). However, this Court finds that the questioning was not so extremely aggressive as to display a clear inability to render a fair judgment. *See Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003)(noting ALJ's affirmative duty to "conscientiously probe into, inquire of, and explore for all the relevant facts").

This Court further finds that the ALJ's credibility assessment is supported by legally sufficient evidence. Plaintiff made inconsistent statements regarding her alcohol use (T at 497-98) and claimed a detoxification treatment was related to a mental health breakdown, although the ALJ cited evidence indicating that the treatment was, in fact, for alcohol abuse, suggesting Plaintiff's explanation was less than truthful (T at 497, 981-86). Plaintiff made contradictory statements to various providers regarding the efficacy of Prozac in treating her depression. (T at 499). The

ALJ noted Plaintiff's lack of mental health treatment.  Although the lack of treatment cannot form the sole basis for rejecting claims of disabling symptoms, an ALJ may consider a claimant's unexplained or inadequately explained failure to seek treatment. *Tommasetti  v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)(citation omitted). Here, the ALJ considered Plaintiff's reasons for such lack of treatment, and found those reasons unpersuasive.  (T at 500).

Plaintiff was the primary caretaker for her elderly parents from 2003 through March 2009, stopping when her mother passed away. (T at 264, 284, 345, 500). Mr. Clark, the mental health counselor, opined that Plaintiff's caretaking duties interfered with her ability to work. (T at 265, 502).  The fact that a claimant is unable to work for reasons other than the alleged impairments is a valid reason for the ALJ to discount the claimant's credibility. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

Lastly, the ALJ reasonably discounted Plaintiff's allegations as inconsistent with her activities of daily living, which included research into her medical conditions (T at 572, 587), as well as the ability to manage money (T at 899), engage in a weekly activity with a friend (T at 1039), and read a book. (T at 977). When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

Where, as here, substantial evidence supports the ALJ's credibility determination, this Court may not overrule the Commissioner's interpretation even if "the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

## V.    CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants,

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB

and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner's motion for summary judgment is GRANTED and Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Plaintiff's motion for summary judgment, Docket No. 17, is DENIED.

The Commissioner's motion for summary judgment, Docket No. 26, is GRANTED.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of the Commissioner, and CLOSE this case.

DATED this 27th day of November, of 2015.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – BRALENS v COLVIN 14-CV-03101-VEB